On defendant's petition for reconsideration filed October 15, considered and under advisement on December 3; petition for reconsideration allowed, former opinion\* modified and adhered to as modified December 27, 2019

John WADSWORTH,
individually and as trustee for the
RBT Victim Recovery Trust,
*Plaintiffs,*

*v.*

Ronald B. TALMAGE
and Annette C. Talmage,
in Default as of 8/31/2017;
Rivercliff Farm, Inc.,
an Oregon corporation,
in Default as of 1/26/2017;
and New Century Properties Ltd.,
in Default as of 8/31/2017,
*Defendants below,*

*and*

United States of America,
*Defendant.*

(United States Court of Appeals
for the Ninth Circuit - 17-35805) (SC S066414)

453 P3d 1289

The federal government petitioned for reconsideration, arguing that a line in the opinion erroneously implied that it had conceded certain facts. The court allowed the petition for reconsideration. *Held*: The opinion is amended to omit the reference to the government's concession.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.

En Banc

Randolph L. Hutter, U.S. Department of Justice, Washington, D.C, filed the petition for reconsideration for

_____

\* 365 Or 558, 450 P3d 486 (2019); on certified question from the United States Court of Appeals for the Ninth Circuit; certification order dated January 2, 2019; certification accepted January 31, 2019.

defendant United States of America. Also on the petition for reconsideration was Jeremy N. Hendon, Washington D.C.

William B. Ingram, Strong & Hanni, Salt Lake City, Utah, filed the response to the petition for reconsideration for plaintiffs. Also on the response was Thomas A. Ped, Williams Kastner Greene & Markley, Portland.

BALMER, J.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.

**BALMER, J.**

The federal government has petitioned for reconsideration of our decision in *Wadsworth v. Talmage*, 365 Or 558, 450 P3d 486 (2019). The government objects to a sentence in which we described the parties' positions on whether plaintiffs' funds were traceable to an interest in real property:

> "The parties agree that plaintiffs' funds are traceable to at least the half-interest in RiverCliff that Talmage purchased from wife in 2005, after their divorce."

*Id.* at 581. The government argues that that sentence implies that the government has conceded that plaintiffs will be able to satisfy their burden of proof with respect to facts relevant to whether their funds can be traced to that interest in the property. The government did not make any such factual concession, and we recognize that the sentence could be read to imply that it did. Accordingly, we replace the sentence quoted above with the following:

> "Under the facts alleged in the complaint, plaintiffs' funds are traceable to at least the half-interest in RiverCliff that Talmage purchased from his wife in 2005, after their divorce."

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.